Peck, J.
No argument has been presented upon either side, and the only question which seems to be raised by the assignments in error, is in regard to the construction and legal effect of the note upon which suit was brought.
It would seem from the petition filed by the plaintiff below, that he regarded the note as a promise to pay the money specified therein, within a reasonable time, while we infer from the assignments of error, that the defendant below regards it as not creating any legal liability upon him to pay at any time whatever; that its fixture payment rests entirely upon his volition and sense of honor. Is this a just interpretation of the paper ? It opens with an admission that he has received from the payee full value for his promise, by the *72 words “ for valúe received I promise,” etc., and closes with, a stipulation that it is to bear “ interest at the rate of ten per cent, till paid.” The payee parted with something valuable to obtain the promise; and is it reasonable to suppose that it was parted with and received, as a more gratuity, which would bo the fact, if there was to be no legal obligation to return an equivalent? Why go through the useless formality of giving and ^receiving a written paper, which was not, after all, to evidence any right or create any obligation, and why fix a high rate of interest “ till paid,” if there never was to be any payment except at the option of the signer ?
The parties evidently regarded the note as a binding obligation, and not the acknowledgement of a mere moral obligation; and whenever the language will permit, it should be so construed as to support, rather than to destroy its legal obligation.
It is conceded that the intention of the parties to a contract can not prevail, if directly contrary to the plain sense of the words employed ; but when the intention is sufficiently apparent, effect should be given to that intent, though some violence be thereby done to the words. Wilson v. Bevan, 72 Eng. C. L. 684. The payee certainly parted with its value to secure the promise, and the maker' not only admits this, but promises to pay interest thereon while the payment is forborne. If the convenience of the maker alone is to be consulted, he might never find it altogether convenient to pay, and the construction leads to results certainly not contemplated by the parties when the note was written. In Guire and Diehl v. Page, 4 Serg. & R., 1, it was ruled, that a sale for “ approved paper ” means, in law, a sale for paper which ought to be approved, and not for such paper as the seller should in fact approve. That is, that the seller, by such a contract, had no right to withhold his approval of paper, to which there was no reasonable objection. So in Moore v. Wolsey, 82 Eng. C. L., 252, 256, where, by the terms of a policy of insurance, proof of interest, in case of loss, was to be made to the satisfaction of the directors, it was hold, that such a provision required merely, that such proof should be laid before the directors as ought to satisfy reasonable men, and that they could not, arbitrarily, refuse to be satisfied. The same principle is also recognized in Ex parte Lord, 16 Mees. & W. 466, and in Ex parte Newton, 6 Term, 118, and applied to *cases arising under the statutes in regard to bankruptcy. The principle deducible from these cases and others that might be cited, as applied to the case at bar, is, that if the *73 right was reserved to the maker of the note sued on, to determine when it might be convenient for him to pay, it is nevertheless a right which he must exercise reasonably and with a just regard to the rights of others.
It would seem to follow that the note, in and of itself, would be- ' come due and payable in a reasonable time after its execution and delivery; such reasonable time being a question to be determined in view of all the circumstances.
In the recent work of Edwards on Bills of Exchange and Promissory Notes, 154, note 4, the learned author says: “ So it has been held that a note by which the maker promised to pay a certain sum ‘ when it is convenient,’ is due within a reasonable time.” The case in which it was so decided is not specially named, but the decision .certainly accords with the analogies of the law and the manifest justice of such a case, and we may therefore properly adopt it.
Where no time is fixed and no contingency specified upon which payment is to be made, the note is held to be payable immediately (8 Johns. 190), such being the manifest intention of the parties. But where, as in the present case, the promise is to pay when convenient, and a stipulation is added that the note is to bear interest -until paid, it is manifest that an immediate payment was not contemplated by the parties. While, therefore, we are satisfied that the note sued on created a valid obligation to pay, we also hold that ifc was not payable until a reasonable time had elapsed. Suit was not brought in the present case till more than a year after the note was executed, and the petition avers that a reasonable time had elapsed. The court, in finding the issue for the plaintiff, must have been satisfied of the truth of that averment of the petition. The case of Barnard and others v. Cushing and others, 4 Met. 230, “ where the payees of a note, at the time it was ^signed by the maker, and as part of the same transaction indorsed thereon a promise not to compel payment thereof, but to receive the amount when convenient for the maker to pay it,” and in which case the court held that the payees could never maintain an action thereon, may be thought to be in conflict with the view we have taken of the case at bar. In that case, however, the court lay groat stress upon the promise never to compel its payment—-regarding it as an express stipulation that the action of the maker was not to be hastened by any compulsory proceedings by the payees; and it was in view of this express waiver of all right of action upon the note, *74 that the court in that ease held that no action could ever be maintained upon the note. Whether the court were correct in the view there expressed we need not now determine, as it is sufficient to say that no such waiver exists in the present case. We are clearly of opinion, upon principle as well as authority, that the court below did not err in overruling the motion in arrest; nor in rendering judgment upon the note in favor of the plaintiff.

Judgment affirmed.

Erinkerhoee, C. J., and Scott, Sutliee, and Gholson, JJ., concurred.